[Cite as *In re L.L.*, 2012-Ohio-4346.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

IN THE MATTER OF:

    L.L.,                                                    CASE NO. 5-12-05

ALLEGED DEPENDENT CHILD,

                                              O P I N I O N

[RANDY J. AND PATTY L. POWELL -
    APPELLANTS].

IN THE MATTER OF:

    N.L.,                                                    CASE NO. 5-12-06

ALLEGED DEPENDENT CHILD,

                                              O P I N I O N

[RANDY J. AND PATTY L. POWELL -
    APPELLANTS].

**Appeals from Hancock County Common Pleas Court
Juvenile Division
Trial Court Nos. 20830037 and 20930027**

**Judgments Reversed and Causes Remanded**

**Date of Decision:   September 24, 2012**

**APPEARANCES:**

*Garth W. Brown* **for Appellants**

*Nicole M. Winget* **for Appellee, Nicole Bower**

*Aaron Ried* **for Appellee, William Lentz**

*Elizabeth A. Behrendt* **for Appellee, CASA/GAL**

**SHAW, P.J.**

{¶1} Appellants Randy and Patty Powell ("the Powells") appeal the January 9, 2012, judgment of the Hancock County Common Pleas Court, Juvenile Division, granting Mother-Appellee Nicole Bower's ("Bower") motions for change in disposition regarding legal custody of the minor children L.L. and N.L.

{¶2} The facts relevant to this appeal are as follows. The minor child L.L. was born in July of 2008, and the minor child N.L. was born in July of 2009. Bower and William Lentz are the biological parents of the two children.

{¶3} On August 28, 2008, the Hancock County Job and Family Services Child Protective Services Unit (hereinafter "CPSU") filed a complaint alleging that L.L. was a dependent child pursuant to R.C. 2151.04(B) and (C). (L.L. Doc. 1). The complaint alleged that CPSU received a report that Bower and Lentz "were both seeing and hearing demonic spirits in the home." (*Id*.) Further, the complaint alleged that Lentz had a history of using inhalants, and that Lentz was a registered sex offender based upon an incident from 2004. (*Id*.) The complaint

alleged that there was a report from Robin Brown with Century Health wherein Brown expressed concerns regarding the parents potentially trying to "exorcise evil from the baby which may hurt the child." (*Id.*)

{¶4} Also on August 28, 2008, CPSU filed a motion for pre-dispositional interim orders, requesting that emergency temporary custody of L.L. be granted to CPSU. (*Id.*)

{¶5} On August 28, 2008, the court granted the ex parte order of emergency temporary custody to CPSU pending a full hearing. (L.L. Doc. 2).

{¶6} On September 3, 2008, the court filed an entry granting emergency temporary custody of L.L. to CPSU. The court found that CPSU had made reasonable efforts to prevent the removal of L.L. and also found that removal was in L.L.'s best interest. (L.L. Doc. 4).

{¶7} On September 11, 2008, Bower admitted to the allegations in the complaint that L.L. was dependent pursuant to R.C. 2151.04(B) and (C). The court thus found by clear and convincing evidence that L.L. was a dependent child as alleged.

{¶8} On September 15, 2008, Julie Niswander was appointed CASA/GAL for L.L. in this case. (L.L. Doc. 11).

{¶9} On September 16, 2008, Bower, along with Lentz, did not contest the evidence presented at the shelter care hearing and did not contest the court finding

that L.L. was dependent as alleged in the complaint. (L.L. Doc. 13). The court therefore found by clear and convincing evidence that L.L. was a dependent child as alleged in the complaint. (*Id*.)

{¶10} On November 17, 2008, the Powells filed a motion for relative placement of L.L. (L.L. Doc. 18). At a hearing on November 21, 2008, that motion was withdrawn and L.L. remained in the custody of foster parents. In an entry filed after that hearing, the court adopted a case plan filed September 16, 2008. (*Id*.)

{¶11} On May 21, 2009, on a review of the case, it was determined that relative placement was possible with the Powells and that the Powells were willing to take custody of L.L. and work with CPSU.

{¶12} In July of 2009, N.L. was born. On July 21, 2009, CPSU filed a complaint alleging that N.L. was a dependent child pursuant to R.C. 2151.04(b), (c), and (d). The complaint alleged that Bower could not "adequately protect her children as she often flees from the home to escape Mr. Lentz, but later returns." The complaint further alleged that prior psychological evaluations precluded the return of L.L. to the custody of Bower, and that the home-based therapist had received threats from Lentz.

{¶13} Also on July 21, 2009, CPSU filed a motion requesting an ex parte order of emergency temporary custody of N.L. to CPSU. (N.L. Doc. 1).

{¶14} On July 23, 2009, the Powells filed motions for relative placement for L.L. and N.L. (L.L. Doc. 27); (N.L. Doc. 4). On that same day, the court ordered the children into the emergency custody of the Powells. (L.L. Doc. 28); (N.L. Doc. 7).

{¶15} On July 24, 2009, the court filed an entry finding that probable cause existed to place L.L. and N.L. into the Powells' legal custody, subject to protective supervision of CPSU, and that it was in the children's best interests. (L.L. Doc. 29); (N.L. Doc. 9).

{¶16} On August 12, 2009, Julie Niswander was appointed GAL for N.L. (N.L. Doc. 12).

{¶17} On September 3, 2009, Bower admitted to the allegations alleged in the complaint regarding N.L. being a dependent child pursuant to R.C. 2151.04(b), (c), and (d). (N.L. Doc.17).

{¶18} On October 1, 2009, a disposition hearing was held wherein N.L. was placed into the Powells' legal custody subject to protective supervision by CPSU. (N.L. Doc. 21).

{¶19} On February 12, 2010, the court adopted the case plan for N.L. filed February 11, 2010. (N.L. Doc. 28).

{¶20} On February 23, 2010, a new CASA/GAL was assigned to this case, Stephanie Stephan, replacing the prior GAL, Julie Niswander. (L.L.Doc. 45); (N.L. Doc. 32).

{¶21} On April 27, 2010, a motion to terminate CPSU's protective supervision was filed. (L.L. Doc. 46); (N.L. Doc. 33). The court terminated said supervision with the Powells having legal custody of L.L. and N.L. and visitation with Bower continuing as previously ordered. (Doc. 47); (N.L. Doc. 34).

{¶22} On May 12, 2011, the court ordered that protective supervision be reinstated. (L.L. Doc. 57); (N.L. Doc. 45).

{¶23} On June 3, 2011, Bower filed motions to change custody of L.L. and N.L. (L.L. Doc. 59); (N.L. Doc. 47). On June 13, 2011, a hearing was held wherein those motions to change custody were withdrawn. (L.L. Doc. 66); (N.L. Doc. 54).

{¶24} On July 7, 2011, GAL Stephanie Stephan filed for a motion for change in disposition of L.L. and N.L. (L.L. Doc. 68); (N.L. Doc. 56). Stephan's motion was accompanied by an affidavit asserting, *inter alia*, that Bower had made substantial progress on her case plan, and that there were various issues with Mrs. Powell caring for the children. (*Id.*); (*Id.*)

{¶25} On July 7, 2011, the court ordered that Bower be designated as temporary custodian of L.L. and N.L. (L.L. Doc. 69); (N.L. Doc. 57).

{¶26} On July 19, 2011, Bower filed her own motions to change custody of L.L. and N.L. to her due to "safety concerns at their current residence," arguing also that it was in the children's best interests. (L.L. Doc. 75); (N.L. Doc. 64).

{¶27} The court held hearings on the motions August 15, 2011, September 30, 2011, November 21, 2011, and December 22, 2011. After the final hearing, the court took the matter under advisement.

{¶28} On January, 9, 2012, the court filed its entries granting custody of L.L. and N.L. to Bower, finding that it was in the best interests of the children. (L.L. Doc. 89); (N.L. Doc. 77). The court's opinions read:

> **After thoroughly considering all evidence presented, this court finds that it would be in the best interest of the children to grant the motion of the CASA/GAL and the mother to return custody to the mother. The custody shall be subject to the protective supervision of [CPSU] * * *.**

(*Id.*); (*Id.*)

{¶29} It is from these judgments that the Powells appeal, asserting the following assignment of error for our review.

**ASSIGNMENT OF ERROR**
**THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT USED A REUNIFICATION STANDARD AND FAILED TO COMPLETE A BEST INTEREST ANALYSIS.**

{¶30} In the Powells' assignment of error, they argue, *inter alia*, that the trial court did not make all of the required findings to modify or terminate the

Powells' legal custody of L.L. and N.L.[1]  Specifically, the Powells argue that in order to modify or terminate the disposition placing L.L. and N.L. in the Powells' legal custody, the trial court was required to find that there was a change in circumstances, *and* that it was in the children's best interests that a change be made.  Here, the Powells claim, the trial court did not find a change in circumstances.

**{¶31}** Initially we note that Powells were granted legal custody of L.L. and N.L. after both children were adjudicated dependent.  The Powells, as relatives of L.L. and N.L., filed a motion for custody of L.L. and N.L. and the Powells were subsequently granted legal custody.  Revised Code 2151.353(A)(3) provides the trial court with the authority to grant legal custody to relatives of the minor children following a finding of dependency and the filing of a motion by those relatives.  R.C. 2151.353(A)(3) reads as follows:

> **(A)  If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:**
>
> **\* \* \***
>
> **(3) Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings. A person identified in a complaint or motion filed by a party to the**

---

[1] We elect to focus specifically on this one argument as it is dispositive in this case.

**proceedings as a proposed legal custodian shall be awarded legal custody of the child only if the person identified signs a statement of understanding for legal custody that contains at least the following provisions:**

{¶32} After the Powells had legal custody of L.L. and N.L., Bower and the GAL in this case filed a motion requesting a change in custody. Revised Code 2151.353 also provides guidelines as to how a dispositional order made under this section of the revised code may be modified or terminated in sections (E)(1) and (2), which read:

**(E)(1) The court shall retain jurisdiction over any child for whom the court issues an order of disposition pursuant to division (A) of this section or pursuant to section 2151.414 or 2151.415 of the Revised Code until the child attains the age of eighteen years if the child is not mentally retarded, developmentally disabled, or physically impaired, the child attains the age of twenty-one years if the child is mentally retarded, developmentally disabled, or physically impaired, or the child is adopted and a final decree of adoption is issued, except that the court may retain jurisdiction over the child and continue any order of disposition under division (A) of this section or under section 2151.414 or 2151.415 of the Revised Code for a specified period of time to enable the child to graduate from high school or vocational school. The court shall make an entry continuing its jurisdiction under this division in the journal.**

**(2) Any public children services agency, any private child placing agency, the department of job and family services, or any party, other than any parent whose parental rights with respect to the child have been terminated pursuant to an order issued under division (A)(4) of this section, by filing a motion with the court, may at any time request the court to modify or terminate any order of disposition issued pursuant to division (A) of this section or section 2151.414 or 2151.415. The court**

**shall hold a hearing upon the motion as if the hearing were the original dispositional hearing and shall give all parties to the action and the guardian ad litem notice of the hearing pursuant to the Juvenile Rules.** *If applicable, the court shall comply with section 2151.42 of the Revised Code.*

R.C. 2151.353(E)(1)-(2). (Emphasis Added.)

**{¶33}** Revised Code 2151.353(E)(2) thus directs us to R.C. 2151.42, if it is applicable, in order to terminate or modify a dispositional order made under this section. R.C. 2151.42 reads:

**A)** **At any hearing in which a court is asked to modify or terminate an order of disposition issued under section 2151.353, 2151.415, or 2151.417 of the Revised Code, the court, in determining whether to return the child to the child's parents, shall consider whether it is in the best interest of the child.**

**(B)** *An order of disposition issued under division (A)(3) of section 2151.353, division (A)(3) of section 2151.415, or section 2151.417 of the Revised Code granting legal custody of a child to a person is intended to be permanent in nature. A court shall not modify or terminate an order granting legal custody of a child unless it finds, based on facts that have arisen since the order was issued or that were unknown to the court at that time, that a change has occurred in the circumstances of the child or the person who was granted legal custody, and that modification or termination of the order is necessary to serve the best interest of the child.*

R.C. 2151.42. (Emphasis Added.)

**{¶34}** Both the Powells and Bower agree that this case is governed by R.C. 2151.42. Pursuant to the plain language of R.C. 2151.42(B), before modifying or terminating a prior order made pursuant to R.C. 2151.353(A)(3), the trial court

was required to find a change in circumstances and to find that the modification or termination was in the children's best interests.

**{¶35}** The trial court's holding in this case regarding these issues reads as follows:

> **After thoroughly considering all evidence presented, this court finds that it would be in the best interest of the children to grant the motion of the CASA/GAL and the mother to return custody to the mother. The custody shall be subject to the protective supervision of [CPSU] * * *.**
>
> **It is further ordered that the legal custody of Randy Powell and Patty Powell shall be terminated but their supervised visitation rights shall be continued as presently scheduled at Harmony House on the explicit proviso that the Powell's follow all rules established by Harmony House.**

(L.L. Doc. 89); (N.L. Doc. 77).

**{¶36}** Here, the trial court made no mention whatsoever of a change in circumstances. Moreover, there is nothing in the trial court's entry that could be construed as findings of a change in circumstances. While the record may have contained, as Bower suggests in her brief, evidence that would support a finding of change in circumstance, it is not the function of an appellate court to both review the record and make such a finding on behalf of a trial court. Due to the omitted finding in this case, we have no choice but to reverse the judgment of the trial court for failure to meet the specific requirements of R.C. 2151.42(B).

{¶37} Accordingly, the Powells' first assignment of error is sustained and the trial court's judgments are reversed and remanded for proceedings consistent with this opinion.

*Judgments Reversed and*
*Causes Remanded*

**PRESTON and ROGERS, J.J., concur.**

**/jlr**